UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT,<br><br>    Petitioner,<br><br>    v.<br><br>A. CIOLLI,<br><br>    Respondent. | Case No.  1:20-cv-00599-HBK<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [1]<br><br>(Doc. No. 14) |

Petitioner Anthony Barrett ("Petitioner" or "Barrett") is a federal prisoner proceeding on his *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 constructively filed on April 9, 2020[2] while incarcerated in Atwater Penitentiary, located in Merced County, California and within the venue and jurisdiction of this Court.  (Doc. No. 1, "Petition").  Respondent filed a Motion to Dismiss the Petition in response.  (*See generally* Doc. No. 14, "Motion").  After the Court *sua sponte* granted Petitioner an extension of time (Doc. No. 20), he filed an opposition to

---

[1] Pursuant to 28 USC § 636(c)(1), the parties consented to the jurisdiction of a United States Magistrate Judge.  (See Docs. No. 4, 17, 18, 19).

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court.  *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002).

Respondent's Motion. (Doc. No. 21). The Court grants Respondent's Motion and dismisses the Petition.

## I. BACKGROUND

Barrett, a federal prisoner, is serving a 288-month sentence for his 2011 plea-based convictions for armed bank robbery (Count 2) and being a felon in possession of a firearm (Count 4) entered by the U.S. District Court for the Southern District of Ohio ("SDOH"). *See United States v. Barrett*, 2:11-cr-00173-ALM-EPD, Doc. Nos. 48, 76 (S.D. Ohio July 7, 2011). The Petition raises the following claims for relief: (1) actual innocence of being a felon in possession of a firearm, based upon *Johnson v. United States,* 135 S. Ct. 2551 (2015);[3] (2) his Armed Career Criminal Act ("ACCA") sentence is unconstitutional under *Johnson, id.*; (3) miscarriage of justice due to the fact that he is actually innocent of 18 U.S.C. § 922(g) and 18 U.S. C. § 924(e)(1) based upon *Johnson*; (4) his plea agreement is void due to the unconstitutionality of his sentence under *Johnson;* (5) the use of his state felony priors to enhance his federal sentence subjected petitioner to double jeopardy; (6) the points system of the sentencing guidelines subjected petitioner to double jeopardy; and (7) he is "actually innocent" and his incarceration is unlawful because his sentence is unconstitutional under *Johnson*. (*See* Doc. 1 at 4-7).

Under the United States Sentencing Guidelines ("USSG"), the SDOH had discretion to sentence Barret to up to 25 years for the armed bank robbery and 15 years to life for being a felon in possession of a firearm but imposed the accepted plea-bargained 19 year (288-month) sentence. *United States v. Barrett*, 2:11-cr-00173-ALM-EPD, Doc. No. 48. Barret's 288-month sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), which provides a sentencing enhancement for defendants who have previously been convicted of three violent felonies in any jurisdiction. 18 USC § 924(e)(1); *Barrett*, 2:11-cr-00173-ALM-EPD, Doc. No.

---

[3] In *Johnson*, the Supreme Court invalidated the residual clause of the ACCA, 18 USC § 924(e)(2)(B)(ii), deeming it unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. Specifically, the Court held certain statutory language used to define a violent felony— "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is unconstitutionally vague. *See* 18 USC 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2560. The Court left intact the rest of the statutory language, including the elements clause of § 924(e)(2(B)(i)— "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Johnson*, 135 S. Ct. at 2563.

76. As part of his plea agreement, Barrett waived his right to raise most claims in a direct appeal of or collateral attack on his conviction and sentence under § 2255. *Id.*, Doc. No. 76 at 2. However, Barrett maintained the right to raise claims of ineffective assistance of counsel and prosecutorial misconduct on direct appeal or through collateral attack under § 2255. *Id.*

In 2012, Barrett unsuccessfully sought relief via a § 2255 motion in the SDOH, claiming, *inter alia*, various police investigation and trial court errors, a double jeopardy violation, and ineffective assistance of counsel.[4] *Id.*, Doc. No. 96. The SDOH dismissed four of Barrett's claims as barred by the plea's waiver provision. *Id.*, Doc. Nos. 119, 123. The SDOH dismissed Barrett's remaining claims, including his double jeopardy claim, on the merits. *Id.*, Doc. No. 119 at 9-17; Doc. No. 123. Of significance here is Barrett's double jeopardy claim. In analyzing the double jeopardy claim, the SDOH denied the claim as wholly without merit, categorizing the claim "frivolous." *Id.*, Doc. No. 119 at 8-9. Specifically, the SDOH found that because Barrett's state robbery charge was dropped, his federal prosecution for robbery arising from the same incident did not violate the Fifth Amendment's double jeopardy clause. *Id.*

Approximately three years later, in 2015, Barrett sought relief in a second § 2255 motion. *Id.*, Doc. No. 136. This time, Barrett claimed that his ACCA sentencing enhancement was unconstitutional under *Johnson v. United States,* 135 S.Ct. 2551 (2015). *Id.* Finding the petition successive, the SDOH transferred the motion to the Sixth Circuit Court of Appeals to determine whether Barrett could proceed on his second § 2255 petition. *Id.*, Doc. No. 137, 139. The Sixth Circuit granted Barrett leave to proceed on his *Johnson* claim only. *Id.*, Doc. No. 153.

In his permissible second § 2255 motion, Barrett argued that at least one of his prior state felonies was deemed a violent felony pursuant to the residual clause of the ACCA and therefore his sentence was improperly enhanced considering *Johnson*. *Barrett*, 2:11-cr-00173-ALM-EPD,

---

[4] Petitioner claimed that: (1) his plea was involuntary; (2) his confession was coerced; (3) his arrest was unlawful; (4) certain evidence was wrongfully admitted because it was obtained during an unlawful search and seizure; (5) his Fifth Amendment privilege against self-incrimination was violated; (6) the prosecutor failed to disclose certain exculpatory evidence; (7) the sentencing guidelines and his dismissed Ohio state case placed him in double jeopardy; (8) ineffective assistance of counsel; and (9) wrongful denial of the right to appeal. *Id.* at 4-6. The SDOH dismissed his second, third, fourth, and fifth claims as barred by Petitioner's plea agreement waiver. *Id.*, Doc. No. 119 at 5-6. The SDOH denied petitioner's first, sixth, seventh, eighth, and ninth claims on the merits. *Id.*, Doc. No. 119 at 7-17.

1  Doc. No. 136.  The SDOH rejected the *Johnson* claim.  *Id*., Doc. No. 166, 168.  The court, which

2  was comprised of the same judge who conducted Barrett's trial and sentencing, explained that it

3  had relied on § 924(e)(2(B)(i), <u>not</u> on § 924(e)(2)(B)(ii), to enhance Barrett's sentence under the

4  ACCA.  *Id*., Doc. No. 166 at 7-8.  In other words, the court rejected Barrett's *Johnson* claim

5  because it did not sentence him on the portion of the ACCA the Supreme Court deemed

6  unconstitutionally vague.  Specifically, the SDOH explained at arriving at its sentence it:

> "treated all three [state] robbery convictions as crimes of violence under [§ 924(e)(2(B)(i)] because they involved 'the use, attempted use, or threatened use of physical force against the person of another.'  Robbery is such a crime, and it was intended to be included in the ACCA, which represented an expansion of the prior law which specifically referred to burglary and robbery. . ..  The residual clause of the ACCA (§ 924(e)(2)(B)(ii)) was not used in sentencing Petitioner."

12 *Barrett*, 2:11-cr-00173-ALM-EPD, Doc. No. 166 at 7-8.

13  The Sixth Circuit affirmed the rejection of Barrett's *Johnson* claim on appeal noting the

14  "district judge who denied Barrett's § 2255 motion was the same judge who sentenced him.  And

15  the judge found that he had relied on the elements clause" rather than on the residual clause.

16  *Barrett v. United States*, 742 Fed. Appx. 134, 135 (6th Cir. 2018).  The United States Supreme

17  Court denied Barrett's petition for certiorari.  *Barrett v. United States*, 139 S.Ct. 2035 (2019).

18  On June 26, 2019, Barrett filed a third § 2255 motion, which the SDOH transferred to the

19  Sixth Circuit, finding it successive.  *Johnson*.  *Barrett*, 2:11-cr-00173-ALM-EPD (Doc. Nos. 182,

20  185).  The Sixth Circuit denied Barrett authorization to seek relief through a successive petition.

21  (Doc. No. 192).

22  Recently, on July 13, 2021, Barrett filed his fourth § 2255 motion.  (Doc. No. 206).  In

23  this recently filed § 2255 petition, Barrett asserts seven grounds for relief: (1) his guilty plea was

24  not knowing, intelligent, or voluntary because he was not informed of the elements of the

25  offenses charged; (2) that newly discovered evidence contained in the transcript of his guilty plea

26  shows that his guilty plea was invalid; (3) that he was denied due process; (4) that his guilty plea

27  is constitutionally invalid based on newly discovered evidence; (5) that the Indictment was

28  constitutionally insufficient; (6)  that he was improperly sentenced as an armed career criminal;

1  (7) that the government breached the terms of the Plea Agreement; and (7) that he has suffered

2  prejudice.  On July 14, 2021, the SDOH transferred the fourth petition to the Sixth Circuit.  (Doc.

3  No. 207).

4       Under the guise of this instant § 2241 petition, Barrett reasserts the same grounds for

5  relief that he raised in his first and his permissive successive petition, and recently lodged fourth

6  § 2255 petition.  (Doc. No. 1).  Specifically, Barrett raises a claim of double jeopardy, which he

7  previously raised in his first § 2255 motion; and, he again raises claims based on *Johnson*, which

8  he previously raised in his permissive second § 2255 motion.  Respondent, in its motion to

9  dismiss, argues the Court lacks jurisdiction to review the § 2241 petition, the "escape hatch" of 28

10 USC § 2255 does not apply, and petitioner otherwise fails to state discernable claims.  (*See*

11 *generally* Doc. No. 14).

## II. APPLICABLE LAW AND ANALYSIS

13      Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner,

14 location, or conditions of a sentence's execution."  *Harrison v. Ollison*, 519 F.3d 952, 956 (9th

15 Cir. 2008).  Federal prisoners seeking to challenge the legality of their confinement must do so

16 through a § 2255 motion.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  In limited

17 circumstances, federal prisoners may challenge the legality of their confinement through a § 2241

18 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e).  *Id.*

19 at 1192.  This portal permits a federal prisoner to challenge the legality of confinement if he can

20 establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality

21 of his detention."  28 U.S.C. § 2255(e).  To demonstrate a remedy is "inadequate or ineffective" a

22 petitioner must: (1) make a claim of actual innocence, and (2) not had an "unobstructed

23 procedural shot at presenting that claim."  *Shepherd v. Unknown Party, Warden, FCI Tucson*, No.

24 19-15834, __ F. 4th __, 2021 WL 3085784 *1 (9th Cir. July 22, 2021).  A prisoner cannot

25 circumvent the limitations imposed on successive petitions by restyling his petition as one under

26 § 2241.  *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054,

27 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive

28 motion provisions by bringing § 2255 claims in a § 2241 petition).

### A. Actual Innocence

A factual claim of actual innocence requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). Barrett does not dispute the validity of his underlying plea-based convictions. Even if Barrett did advance such a claim, his attempt would likely fail. Barrett pled guilty to his crimes of conviction. Therefore, any claim of actual innocence is fully inconsistent with his plea of guilty, which is entitled to a strong presumption of truth. *See Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (finding that petitioner was not entitled to application of the § 2255 escape hatch where his claim of actual innocence was contradicted by his guilty plea); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.");*United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

Barrett premises his innocence argument on *Johnson*. Although the Supreme Court has announced that the decision in *Johnson* constituted a substantive rule change and therefore is retroactive, petitioner has failed to state a claim under *Johnson*. *See Welch v. United States*, 136 S. Ct. 1257 (2016). As explained *supra*, petitioner's *Johnson* claims fail because the sentencing court did not rely on the portion of the ACCA which was deemed unconstitutional when enhancing his sentence. *Barrett*, 742 Fed. Appx. at 135. Further, Barrett's argument that he is actually innocent of the career offender enhancement based on *Johnson* is foreclosed by the Ninth Circuit's recent decision *Shepherd* that limited its holding in *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020)[5] to petitioners who "received a mandatory sentence under a mandatory sentencing

---

[5] In *Allen*, the Ninth Circuit found that the petitioner stated a claim of actual innocence and therefore, qualified for escape hatch jurisdiction under § 2255(e) because his federal sentence was enhanced under the career offender provisions of USSG §§ 4B1.1 and 4B1.2, due to his underlying state-level controlled substance convictions. Petitioner challenged that one of his underlying convictions was not a predicate crime for career offender status under newly decided and retroactive Supreme Court case law, and therefore he was actually innocent of being a career offender under the sentencing guidelines. The Ninth

scheme." 2021 WL 3085784, at *3. Thus, Barrett cannot show that he is actually innocent of his career offender status; and thus, he fails to make a claim of actual innocence as required by the escape hatch provision of § 2255(e).

### B. Unobstructed Procedural Shot

In determining whether a petitioner has not had an "unobstructed procedural shot" at raising his habeas claims, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)). "If an intervening court decision after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his claim." *Allen*, 950 F.3d at 1190 (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1047-48 (9th Cir. 2011)). To demonstrate that a petitioner lacked an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060.

Because each of Barrett's claims regarding double jeopardy existed at the time he filed his first § 2255 motion; and, his *Johnson* claims were available at the time he filed his permissible § 2255 motion, Barrett had an opportunity to advance each of the claims he raises in the instant petition. Indeed, the legal basis for Barrett's double jeopardy claims clearly were apparent at the time of Barrett's sentencing and he cites to no change in relevant double jeopardy law decided after he sought relief in either his first § 2255 or his permissible successive § 2255 motion. Likewise, Barrett's *Johnson* claim was both available, raised and rejected on the merits in his permissive second § 2255 motion. *Id.*, Doc. No. 166, 168. Thus, Barrett fails to show that he has not had an "unobstructed procedural shot" to present the claims raised in the instant Petition.

---

Circuit agreed, concluding that if petitioner's predicate conviction for career offender status under the mandatory sentencing guidelines no longer qualified as such, then the factual predicate for petitioner's mandatory sentencing enhancement did not exist.

1  Therefore, the Court finds Barrett has failed to state a claim of actual innocence and has
2  failed to show that he has not had an unobstructed procedural shot to present his claims. Thus,
3  Barrett's claims are not viable for consideration under § 2241.
4  Accordingly, it is **ORDERED**:
5  1. Respondent's Motion to Dismiss (Doc. No. 14) is GRANTED.
6  2. The Petition (Doc. No. 1) is DISMISSED.

Dated:   July 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE